DC-15-326

Starr County - District Clerk

Filed: 6/3/2015 2:31:00 PM
Eloy R. Garcia, District Clerk
Starr County, Texas
Ana Martinez

CAUSE NO. DC-15-326

| | | |
|---|---|---|
| **NORMA R. VALDEZ** | § § § | IN THE DISTRICT COURT OF |
| V. | § § § | STARR COUNTY, T E X A S |
| **JOHN SCOTT CHORBA** and **C.R. ENGLAND, INC.** | § § § | 229TH   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **NORMA R. VALDEZ**, Plaintiff in the above entitled and numbered cause, complaining of and against **JOHN SCOTT CHORBA** and **C.R. ENGLAND, INC.**, Defendants herein, and for causes of action would respectfully show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

1.0   Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.

### II. PARTIES

2.0   Plaintiff is a resident of Starr County, Texas.

2.1   Defendant, **JOHN SCOTT CHORBA**, is an individual residing in the State of Indiana who, pursuant to the provisions of Section 17.061, et seq., Texas Civil Practice and Remedies Code, and §17.041, et seq., the Texas Long-Arm Statute, may be served by and through the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483, via certified mail, return receipt requested, who shall then forward the citation and petition to Defendant, may be served by and through his last known address: 245 N. Delaware St., Indianapolis, Indiana 46201, or wherever he may be found.



EXHIBIT A

2.2   Defendant, **C.R. ENGLAND, INC.**, an entity doing business in the state of Texas and pursuant to the provisions of Section 17.061, et seq., Texas Civil Practice and Remedies Code, and §17.041, et seq., the Texas Long-Arm Statute, may be served by and through the Secretary of State, who shall then forward the Original Petition and Citation to Defendant, C.R. ENGLAND, INC., addressed to serve with process herein by serving its Registered Agent, CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN 46204, or wherever they may be found.

## III.
## JURISDICTION & VENUE

3.0   Venue is proper in Starr County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 et seq. because all or a substantial part of the events or omissions giving rise to the claims arose in Starr County, Texas. This Court has jurisdiction over the parties and subject matter hereof. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.
## FACTS

4.0   On or about November 26, 2014, Plaintiff was lawfully driving a 2014, GMC Sierra truck, traveling east bound in the 5300 block of East Highway 83, a street located in Rio Grande City, Starr County, Texas. At the time in question, Defendant **JOHN SCOTT CHORBA**, was driving a 2013 Freightliner Tractor Trailer, traveling in the same direction. Defendant failed to control speed striking Plaintiff's vehicle.

4.1   At such time, Defendant **JOHN SCOTT CHORBA** was working in the course and scope of his employment with **C.R. ENGLAND, INC.**

## V.
## NEGLIGENCE OF DEFENDANTS

### A. JOHN SCOTT CHORBA

5.0 At the time of the accident made the basis of this suit, Defendant, **JOHN SCOTT CHORBA**, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1. In failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of Tex Transp. Code Ann §545.053;

2. In failing to yield;

3. In failing to control speed, in violation of Sec. 545.351 of the Texas Transportation Code; and

4. In failing to operate the vehicle in a reasonable and prudent manner.

5.1 Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff. Additionally, Defendant's acts or omissions in violating the Texas Transportation Code as listed above constitute negligence per se.

### B. C.R. ENGLAND, INC.

5.2 The above-described collision was proximately caused by the negligence of Defendant **C.R. ENGLAND, INC.** as a result of its negligent entrustment of the subject vehicle to Defendant **JOHN SCOTT CHORBA** when it knew or should have known that he was not a safe driver.

5.3 Defendant **JOHN SCOTT CHORBA** was an agent and/or servant of Defendant **C.R. ENGLAND, INC.** As such, Defendant **C.R. ENGLAND, INC.** is responsible for the conduct of Defendant **JOHN SCOTT CHORBA** due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

## VI.
## DAMAGES

6.0    Said elements of damage which Plaintiff seeks to recover from Defendants include compensation for the following:

1. The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

2. The physical pain and mental anguish that Plaintiff will suffer in the future;

3. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

4. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

5. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

7. Past and future physical disfigurement; and

8. Past and future physical impairment;

As such, Plaintiff affirmatively pleads that she seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## VII.
## REQUEST FOR JURY TRIAL

7.0    Plaintiff requests a jury trial.

## VIII.
## ALTERNATIVE PARAGRAPH NO. 1

8.0    In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## IX.
## ALTERNTIVE PARAGRAPH NO. 2

9.0 In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## X.
## REQUEST FOR DISCLOSURE

10.0 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described below. Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

10.1 Plaintiff requests disclosure of the following, pursuant to Rules 194.2(a) through 194.2(l):

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of Defendant's claims or defenses;

    (d) the amount and any method of calculating economic damages;

    (e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    (f) for any testifying expert:

        (1) the expert's name, address, and telephone number;

        (2) the subject matter on which the expert will testify;

        (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of Defendant, documents reflecting such information;

   (4) if the expert is retained by, employed by, or otherwise subject to the control of Defendant:

     (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

     (B) the expert's current resume and bibliography;

(g) any discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l) the name, address, and telephone number of any person who may be designated as a responsible third party.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants, jointly and severally, a sum over $200,000.00 but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiff deemed entitled.

Respectfully submitted,
**THE STERN LAW GROUP**

**JEFFREY M. STERN**
SBN: 19175650
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
Email: jstern@stern-lawgroup.com

**ATTORNEY FOR PLAINTIFFS**